Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000298
19-MAR-2019
08:43 AM

NO. CAAP-18-0000298

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


BAYVIEW LOAN SERVICING, LLC, Plaintiff-Appellee,
v.
VALERIE R. WOODS; VALERIE R. WOODS, TRUSTEE OF THE
VALERIE R. WOODS TRUST DATED FEBRUARY 1, 2001,
Defendant-Appellant
and
JOHN DOES 1-50; JANE DOES 1-50;
DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50;
DOE ENTITIES 1-50; AND DOE GOVERNMENTAL UNITS 1-50,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 13-1-0105)


SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Fujise, and Reifurth, JJ.)

Defendant-Appellant Valerie R. Woods, and Valerie R. Woods, Trustee of the Valerie R. Woods Trust Dated February 1, 2001 (**Woods**) appeals from the "Judgment [on the Decree of Foreclosure]" (**Foreclosure Judgment**) entered pursuant to the "Findings of Fact; Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment and For Interlocutory Decree of Foreclosure" (**Order Granting Summary Judgment**), both filed on March 20, 2018, in favor of Plaintiff-Appellee Bayview Loan

Servicing, LLC, (**Bayview**) in the Circuit Court of the Fifth Circuit (**circuit court**).[1]

On appeal, Woods contends that the circuit court erred in entering its Order Granting Summary Judgment and Foreclosure Judgment because it erroneously relied on inadmissible hearsay testimony of Bayview's declaring witnesses in determining that Bayview's predecessor in the instant case, JP Morgan Chase Bank, N.A. (**Chase Bank**), was in possession of the original promissory note at the time it filed the complaint and therefore had standing to prosecute this foreclosure action.[2]

Upon careful review of the record and briefs submitted by the parties and having given due consideration to the arguments and issues they raise, as well as the relevant statutory and case law, we resolve Woods' point of error as follows, and we vacate and remand.

The Hawai'i Supreme Court's holdings in Bank of America, N.A. v. Reyes-Toledo, 139 Hawai'i 361, 390 P.3d 1248 (2017), U.S. Bank N.A. v. Mattos, 140 Hawai'i 26, 398 P.3d 615 (2017), and Wells Fargo Bank, N.A. v. Behrendt, 142 Hawai'i 37, 414 P.3d 89 (2018) are dispositive as to Woods' sole point of error.

As explained in Reyes-Toledo, a foreclosing plaintiff must establish its standing or entitlement to enforce the subject note at the time the action was commenced in order to establish its right to foreclose on the subject property. 139 Hawai'i at 367-71, 390 P.3d at 1254-58. In cases involving a subject note indorsed in blank, a foreclosing plaintiff must demonstrate that it had possession of the note at the commencement of the action in order to establish its right to foreclose. Id. at 370, 390 P.3d at 1257. Evidence submitted to establish a foreclosing

---

[1] The Honorable Randal G. B. Valenciano presided.

[2] Bayview was substituted in place of Chase Bank as the foreclosing plaintiff in the instant action pursuant to the circuit court's "Order Granting Plaintiff's Non-Hearing Motion to Amend Caption and Substitute Plaintiff" filed September 30, 2014.

2

plaintiff's possession of a subject note must be supported by admissible evidence.  Mattos, 140 Hawai'i at 30, 398 P.3d at 619; Behrendt, 142 Hawai'i at 44, 414 P.3d at 96.

The instant foreclosure action was initiated by Chase Bank in its "Complaint For Foreclosure" (**Complaint**) filed on March 22, 2013.  The Complaint indicates that Woods had executed and delivered a promissory note (**Note**) and Mortgage pertaining to the subject property in favor of Washington Mutual Bank, FA, (**Washington Mutual**), and that Chase Bank had subsequently acquired the interest in the Note and Mortgage by an Assignment of Mortgage recorded on February 15, 2013 in the Bureau of Conveyances of the State of Hawai'i (**Bureau**).  The Complaint also states that Chase Bank "is the holder of the Note and record assignee of the Mortgage."

In support of its motion for summary judgment, Bayview attached a copy of the Note endorsed in blank by Washington Mutual, and filed a "Declaration of Possession of Original Note at Time of Filing Complaint" (**Sanchez Declaration**) and "Affidavit of Note Possession" (**McVay Affidavit**) to establish that Chase Bank was in possession of the Note at the time it filed the Complaint.[3]

The Sanchez Declaration was executed on May 3, 2017, by Leticia Sanchez, "Sr. Doc Coordinator" for Bayview.  The Sanchez Declaration states, inter alia, that "[t]he prior loan servicer's business records are incorporated into [Bayview]'s business records on or about the time [Bayview] begins servicing the loan[]", and that Sanchez has "access to the Loan Records maintained with respect to the subject loan."  (Emphasis added).  Sanchez further attests that "[t]he Loan Records reflect, and on

---

[3]  In addition to the Sanchez Declaration and McVay Affidavit, Bayview filed "Plaintiff's Supplemental Declaration in Support of Plaintiff's Motion for Summary Judgment, and for Interlocutory Decree of Foreclosure Against All Parties" (**Supplemental Declaration**).  Neither party discusses the Supplemental Declaration on appeal and we need not address the declaration as it makes no assertion pertaining to Chase Bank's possession of the Note at the commencement of the action.

that basis, I swear and certify that the Note attached as Exhibit '1' of the [Plaintiff's motion for summary judgment] is a true and correct copy of the Note[.]" Sanchez finally attests that "[a]t the time that [Chase Bank] filed the Complaint herein, [Chase Bank] had in its care, custody and/or control the original Note."

The McVay Affidavit was executed on August 3, 2017, by Candi McVay, Assistant Secretary of Chase Bank. The McVay affidavit states, *inter alia*, that McVay has "access to the business records of [Chase Bank] <u>concerning the loan</u>[]", and that McVay made this affidavit "based upon [her] review of those records and from [her] knowledge of how they are kept and maintained." (Emphasis added). McVay goes on to attest that "[a]ccording to [Chase Bank]'s custodial system of record, emBTrust, Chase [Bank] had possession of the original Note on 1/8/2009[]", and had maintained possession of the Note "from 1/8/2009 until 11/22/2013, when on that date it forwarded the original Note to M & T Bank[.] Attached to the McVay Affidavit is a copy of the Note and Mortgage. Taken together, Bayview contends that it has established that Chase Bank was in possession of the Note at the time it filed the Complaint.

However, as discussed in <u>Mattos</u> and <u>Behrendt</u>, both the Sanchez Declaration and the McVay Affidavit fail to satisfy the requirements for admitting the Note under the Hawaii Rules of Evidence (**HRE**) Rule 803(b)(6)[4] business records exception, and as

---

[4] HRE Rule 803(b)(6) provides:

> **Rule 803 Hearsay exceptions; availability of declarant immaterial.** The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> . . .
>
> (b) Other exceptions.
>
> . . .
>
> (6) Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any
> (continued...)

4

such are inadmissible to demonstrate that Chase Bank was in possession of the Note at the commencement of the action. See Mattos, 140 Hawai'i at 30-33, 398 P.3d at 619-22; Behrendt, 142 Hawai'i at 44-46, 414 P.3d at 96-98. Neither declarants in the Sanchez Declaration and McVay Affidavit attest to being the custodian of the Note, and thus must be a "qualified witness" to establish the requirements of admissibility. See id. As discussed in Behrendt,

> The court in Mattos held that a witness may be qualified to provide the testimony required by HRE Rule 803(b)(6) even if the witness is not employed by the business that created the document or lacks direct, personal knowledge of how the document was created. [Mattos, 140 Hawai'i at 32, 398 P.3d at 621.] "There is no requirement that the records have been prepared by the entity that has custody of them, as long as they were created in the regular course of some entity's business." Id. (quoting State v. Fitzwater, 122 Hawai'i 354, 366, 227 P.3d 520, 532 (2010)). The witness, however, must have enough familiarity with the record-keeping system of the business that created the record to explain how the record was generated in the ordinary course of business. Id.
>
> Records received from another business and incorporated into the receiving business' records may in some circumstances be regarded as "created" by the receiving business. Id. Incorporated records are admissible under HRE Rule 803(b)(6) when a custodian or qualified witness testifies that the documents were incorporated and kept in the normal course of business, that the incorporating business typically relies upon the accuracy of the contents of the documents, and the circumstances otherwise indicate the trustworthiness of the document. See id.; Fitzwater, 122 Hawai'i at 367-68, 227 P.3d at 533-34.

142 Hawai'i at 45-46, 414 P.3d at 97-98.

The Sanchez Declaration states that the prior loan servicer's business records have been incorporated into Bayview's own business records, but does not identify the "prior loan servicer." Further, Sanchez only attests that she has access to

---

[4](...continued)
form, of acts, events, conditions, opinions, or diagnoses, made in the course of a regularly conducted activity, at or near the time of the acts, events, conditions, opinions, or diagnoses, as shown by the testimony of the custodian or other qualified witness, or by certification that complies with rule 902(11) or a statute permitting certification, unless the sources of information or other circumstances indicate lack of trustworthiness.

(Emphasis added).

and has reviewed the loan records maintained with respect to the subject loan. Sanchez does not attest to being familiar with the record-keeping system of the business that created the Note, Washington Mutual. Further, she does not attest that "the documents were incorporated and kept in the normal course of business, that the incorporating business typically relies upon the accuracy of the contents of the documents, and the circumstances otherwise indicat[ing] the trustworthiness of the document[s]." Id. at 45, 414 P.3d at 97. Sanchez did not establish that she is a qualified witness with respect to the Note attached to Bayview's motion for summary judgment. See Mattos, 140 Hawai'i at 32-33, 398 P.3d at 621-22; Behrendt, 142 Hawai'i at 45, 414 P.3d at 97. Accordingly, Sanchez's statement asserting that Chase Bank was in possession of the Note at the time it filed the Complaint is not admissible. Mattos, 140 Hawai'i at 33, 398 P.3d at 622.

Similarly, McVay cannot be considered to be a qualified witness with respect to the Note. Like Sanchez, McVay only attests that she has access to the records of Chase Bank concerning the loan, and does not attest that she is familiar with the record-keeping system of the business that created the Note, Washington Mutual. Further, McVay does not attest that the records of Washington Mutual have been incorporated into Chase Bank's records and kept in the normal course of business, or that Chase Bank relies on the accuracy of the contents of the records as required to establish admissibility. Under the applicable case law, the McVay Affidavit does not establish she is a qualified witness with respect to the Note, as required by HRE Rule 803(b)(6). Id.

Bayview contends that the HRE 803(b)(6) business record exception is not applicable to the McVay Affidavit because the statements were made from McVay's personal knowledge as Assistant Secretary for Chase Bank, and as such was not hearsay. We disagree because, as McVay herself indicates, the affidavit was made based upon her own review of Chase Bank's business records

concerning the loan.  See GE Capital Hawaii, Inc. v. Miguel, 92 Hawai'i 236, 241-42, 990 P.2d 134, 139-40 (App. 1999) (holding that statements in a summary judgment affidavit that were made based on the declarant's review of records and files that were never introduced into evidence was hearsay), overruled on other grounds by Price v. AIG Hawai'i Ins. Co. Inc., 107 Hawai'i 106, 111 P.3d 1 (2005).  The only documents attached to the McVay Affidavit are the Note and Mortgage for which, as discussed above, McVay cannot be considered a qualified witness.  As such, McVay's statements pertaining to Chase Bank's possession of the Note were inadmissible.

Viewing the evidence in the light most favorable to Woods, as we must for purposes of a summary judgment ruling, there is a genuine issue of material fact as to whether Chase Bank had standing when this foreclosure action commenced. Accordingly, pursuant to Reyes-Toledo, the circuit court erred in granting Bayview's motion for summary judgment.

Therefore, IT IS HEREBY ORDERED that the "Judgment [on the Decree of Foreclosure]", entered by the Circuit Court of the Fifth Circuit on March 20, 2018, is vacated.  This case is remanded to the circuit court for further proceedings consistent with this order.

DATED:  Honolulu, Hawai'i, March 19, 2019.

On the briefs:

Gary Victor Dubin,
Frederick J. Arensmeyer,
for Defendant-Appellant.

Lester K.M. Leu,
Lansen H.G. Leu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

7